## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RAYMOND CEFARRATI, | ) | |
| 5209 Cottonwood Drive | ) | |
| Lothian, MD 20711-9502, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-408 |
| | ) | |
| JBG PROPERTIES, INC., | ) | |
| 4445 Willard Avenue, Suite 400 | ) | |
| Chevy Chase, MD 20815, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| POTOMAC CREEK ASSOCIATES, LLC, | ) | |
| 4445 Willard Avenue, Suite 400 | ) | |
| Chevy Chase, MD 20815, | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF REMOVAL

Defendants JBG Properties, Inc. ("JBG") and its affiliate Potomac Creek Associates, LLC ("Potomac Creek") (collectively, "Defendants"), by their attorneys and pursuant to 28 U.S.C. § 1441, file this Notice of Removal in this Court with respect to Case No. 2014-CA-0001111, which was filed by Plaintiff in the Superior Court of the District of Columbia, Civil Actions Branch. In support of this Notice, Defendants state:

### I.     Procedural Prerequisites

1.     On February 25, 2014, Plaintiff Raymond Cefarrati ("Plaintiff") filed a Complaint for Unjust Enrichment in the Superior Court of the District of Columbia, Civil Actions Branch, entitled *Raymond Cefarrati v. JBG Properties, Inc. and Potomac Creek Associates, LLC*, Case No. 2014-CA-0001111. Defendants received notice of this action by obtaining a copy of the Complaint from the courthouse on February 26, 2014, and

were subsequently served with a copy of the Complaint on February 27, 2014. A copy of all papers served on Defendants in this action is attached as Exhibit A.

2.      This Notice is timely filed pursuant to 28 U.S.C. § 1446(b), because it is filed within 30 days after Defendants received notice of this action.

3.      All Defendants consent to the removal of this action.

4.      Defendants will provide Plaintiff with notice of this filing, and copies of this Notice and its attachments will be served on Plaintiff and filed with the Superior Court for the District of Columbia, as required by 28 U.S.C. § 1446(d).

**II.      Plaintiff's Claims**

5.      Plaintiff seeks recovery for unjust enrichment because Defendants allegedly failed to compensate him for "perform[ing] work that was in excess of, and different in kind from, his duties as Chief Operating Engineer and that fairness required that he receive appropriate compensation from what was, in effect, an additional job." Compl. ¶ 17.[1]

6.      Specifically, Plaintiff alleges that his duties as Chief Engineer were defined by a collective bargaining agreement between JBG and the International Union of Operating Engineers Local 99-99A, AFL-CIO. Compl. ¶¶ 6-7. A copy of the collective bargaining agreement effective July 1, 2010 through June 30, 2013 is attached as Exhibit B. Additionally, a copy of the collective bargaining agreement effective July 1, 2013

---

[1]      While Plaintiff refers to his job title as "Chief Operating Engineer," the collective bargaining agreement refers only to a "Chief Engineer." For consistency with the collective bargaining agreement, this Notice refers to Plaintiff's job title as "Chief Engineer."

through the present—which is materially identical to Exhibit B—is attached as Exhibit C.[2]

7.      The alleged basis for Plaintiff's allegation that he performed work in excess of the duties of a Chief Engineer is Plaintiff's interpretation of the terms of the collective bargaining agreement. *See* Compl. ¶ 6 (quoting section 1.5 of the collective bargaining agreement for the proposition that the agreement applies only to certain tasks), ¶ 7 (quoting section 4.2 of the collective bargaining agreement for the definition of Chief Engineer), ¶ 8 (making an argument for the meaning of the term "plant" based on section 1.6(d) of the of the collective bargaining agreement).

## III.    Plaintiff's Complaint is Removable Because His Unjust Enrichment Claim is "Completely Preempted" by Federal Law.

8.      Plaintiff's claim is removable pursuant to 28 U.S.C. § 1441(b) because it arises under the laws of the United States, specifically, section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Accordingly, this Court has original jurisdiction pursuant to 29 U.S.C. § 185 and 28 U.S.C. § 1331.

9.      Under the "complete preemption" doctrine, the preemptive force of a statute is so extraordinary that it converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987). A state-law claim may be removed "where there is complete federal preemption of potential state law claims." *Heintzman v. Amalgamated Transit Union Int'l*, 825 F. Supp. 2d 161, 166 (D.D.C. 2011). "Section 301 of the LMRA

---

[2]      For the sake of simplicity, all references to the "collective bargaining agreement" in this Notice refer to Exhibit B.

is one of the few federal statutes that the Supreme Court has found to completely preempt state law." *Id.*

10.    A state-law claim is preempted by section 301 of the LMRA "when resolution of [the] claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). In other words, a state-law claim is preempted if the claim "requires the interpretation of a collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988).

11.    Plaintiff's claim arises under section 301 of the LMRA because his claim necessarily requires interpretation of the collective bargaining agreement. Indeed, Plaintiff's argument that he performed duties beyond the scope of his responsibilities as a Chief Engineer is expressly based on Plaintiff's interpretation of the words of the collective bargaining agreement. *See* Compl. ¶¶ 6-8 (interpreting the collective bargaining agreement), ¶¶ 10-15 (asserting that the activities Plaintiff performed were not encompassed by his job description as defined by the collective bargaining agreement). To determine whether Plaintiff is correct, a court must necessarily interpret—as Plaintiff does in his Complaint—the terms of the collective bargaining agreement.[3] *See Grandison v. Wackenhut Servs., Inc.*, 514 F. Supp. 2d 12, 17 (D.D.C. 2007) (holding that claims for breach of contract and breach of the covenant of good faith and fair dealing were

---

[3]    Various other provisions of the collective bargaining agreement bear on Plaintiff's claim. *See, e.g.*, Collective Bargaining Agreement § 1.6(a) (defining the term "Chief Engineer"); § 2.3 (explaining when and how the Chief Engineer is due to be paid overtime); § 4.1 (describing one of the Chief Engineer's duties); § 4.5 (providing that JBG "shall not enter into any agreement with any employee covered by this Agreement, the terms of which conflict with the terms of this Agreement"); § 4.15 (providing that "[n]o provision shall be construed in any manner so as to restrict the Employer from the complete operation and management of his/her business and plants or in the direction of the working forces" so long as the employer "shall observe the provisions of this Agreement"); §§ 6.1-6.3 (explaining the grievance and arbitration procedure).

preempted because "[t]he only way such allegations could be adjudicated would be to interpret . . . the CBA"); *Cephas v. MVM, Inc.*, 403 F. Supp. 2d 17, 23 (D.D.C. 2005) (claim preempted when plaintiff's claim "rel[ies] on the terms of the CBA"), *remanded on other grounds*, 520 F.3d 480 (D.C. Cir. 2008).

12.     In fact, Plaintiff's unjust enrichment claim, under District of Columbia law, could not succeed unless Plaintiff could demonstrate (in addition to demonstrating other required elements of the claim) that the work Plaintiff performed was not covered by the collective bargaining agreement—something which in this case plainly requires interpretation of that agreement. *See, e.g.*, *McIntosh v. Gilley*, 753 F. Supp. 2d 46, 60 (D.D.C. 2010) ("As an unjust enrichment claim arises in the absence of a contract, one is unable to recover under an unjust enrichment theory when a contract governs the parties' relationship."); *Kilian v. Better Boxes*, 121 A.2d 726, 728 (D.C. 1956) (holding that where a prior agreement fixed the salary of the plaintiff, plaintiff could not seek to recover for his services on a theory of unjust enrichment).

13.     In sum, because Plaintiff's claim cannot be resolved without interpreting the collective bargaining agreement, it is completely preempted by section 301 of the LMRA, and removal to federal court is proper.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court find that Plaintiff's claim arises under federal law, that original federal question jurisdiction is vested in this Court under 29 U.S.C. § 185 and 28 U.S.C. § 1331, and that removal is otherwise proper.

Respectfully submitted,


/s/ Paul C. Skelly_____
Paul C. Skelly (D.C. Bar. No. 296699)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Tel: (202) 637 8614
Fax: (202) 637 5910
paul.skelly@hoganlovells.com

Counsel for JBG PROPERTIES, INC., and
POTOMAC CREEK ASSOCIATES, LLC

Date: March 14, 2014

## **CERTIFICATE OF SERVICE**

I certify that on March 14, 2014, I served a true and correct copy of the foregoing

via U.S. mail, postage prepaid, upon:

Ralph E. Avery
Attorney for Plaintiff
Avery Law Firm
1701 Pennsylvania Ave., N.W.
Suite 300
Washington, D.C. 20006

I also certify that I will cause a copy of this Notice of Removal to be filed with the

Superior Court of the District of Columbia, in accordance with 28 U.S.C. § 1446(d).


/s/ Paul C. Skelly_____
Paul C. Skelly

1